IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PAUL CASTER**                                                                                          **PLAINTIFF**

vs.                                                      No. 5:20-cv-12541

**TRIBAR MANUFACTURING, LLC**                                                      **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Paul Caster ("Plaintiff"), by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Tribar Manufacturing, LLC ("Defendant"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours in excess of forty (40) hours per week.

2.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Michigan has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Michigan has personal jurisdiction over Defendant, and Defendant therefore "resides" in Michigan.

5. The acts alleged in this Complaint had their principal effect within the Southern Division of the Eastern District of Michigan, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident and domiciliary of Livingston County.

7. Defendant is a domestic limited liability company.

8. Defendant's registered agent for service is Robert L. Bretz, at 2211 Grand Commerce Drive, Howell, Michigan 48855.

9. Defendant does business as Tribar Technologies.

10. Defendant maintains a website at https://tribartechinc.com/.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

13. Defendant acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

14. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as tools, plastic materials and rubber materials.

15. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

17. Defendant's primary business is manufacturing plastic and rubber products.

18. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

19. At all times material herein, Plaintiff has been classified by Defendant as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

20. Plaintiff was employed by Defendant as a Program Manager from September of 2017 to August of 2020.

21. Plaintiff was primarily responsible for communicating with Defendant's customers, relaying information to the engineers, estimating the timeline for completion and assisting in meeting deadlines.

22. Plaintiff did not have the authority to hire or fire any other employee, nor were his recommendations for hiring or firing given particular weight.

23. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

24. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

25. Plaintiff does not hold a terminal degree in engineering or in any other field.

26. Plaintiff regularly worked over forty (40) hours per week.

27. Defendant did not pay Plaintiff one and one-half times his regular rate of pay for hours worked over forty (40) per week.

28. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of his hours worked over forty (40) per week.

29. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     CAUSE OF ACTION—Violation of the FLSA

30. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

31. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

32. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

33. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

34. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

35. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

36. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

37. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

38. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Paul Caster respectfully prays as follows:

A.   That Defendant be summoned to appear and answer this Complaint;

B.   That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D.   Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E.   Judgment for liquidated damages pursuant to the FLSA;

F.   An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G.   For a reasonable attorney's fee, costs, and interest; and

H.   Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF PAUL CASTER**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com